**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25741-CIV-MARTINEZ**

ROBERT ALLEN,

Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Respondent.
_________________________________/

# ORDER

**THIS CAUSE** comes before the Court on Petitioner Robert Allen's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1]. Petitioner challenges his detention at the Miami Federal Detention Center, arguing that his continued detention is unconstitutional because he has not received an individualized bond determination and an Immigration Judge granted him cancellation of removal on July 1, 2026. (*See generally id.*). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondent to show cause why the Petition should not be granted. (September 2, 2026 Order [ECF No. 4]). Respondent filed its Response to the Court's show cause Order on September 3, 2026 (Resp. [ECF No. 7]). Petitioner did not furnish a reply. The Court has considered the Petition, the Response, the record, and applicable law. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner is a native and citizen of the Bahamas. (Resp. 1) (citing Resp. Ex. 1, Form I-213 ("Form I-213") ([ECF No. 7-1]); (Resp., Ex. 2, Decl. of Deportation Officer Ricardo Herrero ("Herrero Decl.") (ECF No. 7-2) ¶ 4). In February 2016, U.S. Citizenship and Immigration

Services ("USCIS") approved Petitioner's Application to Register Permanent Residence or Adjust Status, and Petitioner was admitted to the United States as a lawful permanent resident in December 2018. (Resp. 1–2; Form I-213).

On April 21, 2025, Petitioner was convicted in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, for cocaine possession, in violation of section 893.03(2)(a)(4), Florida Statutes. (Resp., Ex. 4, Judgment in No. 24-6076CF10A, [ECF No. 7-4]). That same day, the state court also convicted Petitioner of grand theft of a motor vehicle. (Resp., Ex. 3, Judgment in No. 24-9422CF10A, [ECF No. 7-3]). The court issued a combined sentence of five months and 24 days' incarceration followed by 12 months' probation. ([ECF No. 7-4] 1). On October 16, 2025, after that sentence expired, immigration officials encountered Petitioner in state custody at the Broward County Jail in connection with an arrest for failure to appear and an out-of-county felony warrant. (Form I-213 2). Immigration and Customs Enforcement ("ICE") lodged an immigration detainer that same day. (*Id.*).

On October 18, 2025, ICE issued Petitioner a Notice to Appear ("NTA"). (Resp., Ex. 5, Notice to Appear ("NTA") [ECF No. 7-5] 1–4). The NTA charged Petitioner as removable under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") because, at any time after admission, Petitioner was convicted of violating, or conspiring or attempting to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance, except for a single offense involving possession for personal use of 30 grams or less of marijuana. (*Id.* 1). On October 31, 2025, Petitioner was transferred from state to immigration custody. (Resp., Ex. 6, Detention History, [ECF No. 7-6] 1). On July 1, 2026, the immigration judge granted Petitioner's application for relief from removal. (Resp., Ex. 7, Relief Order, [ECF No. 7-7] 2). On July 6, 2026, the Department of Homeland Security ("DHS") filed a notice of appeal of the

immigration judge's decision to the Board of Immigration Appeals. (Resp., Ex. 8, Notice of Appeal [ECF No. 7-8] 3). Respondents state that DHS's appeal remains pending; the Court has not been informed of any change in status. (Herro Decl. ¶ 13).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Section 1227(a)(2)(B) of the INA mandates that an "alien . . . shall . . . be removed if the alien . . . has been convicted of a violation . . . relating to a controlled substance[.]" 8 U.S.C. § 1227(a)(2)(B). "A conviction for possession of cocaine is an offense 'relating to a controlled substance[.]'" *Rodriguez Casas v. Warden, Krome N. Processing Ctr.*, No. 1:26-CV-20987, 2026 WL 1238547, at *2 (S.D. Fla. May 6, 2026) (quoting *Chamu v. U.S. Attorney Gen.*, 23 F.4th 1325, 1327 (11th Cir. 2022)). Section 1226(c)(1)(B) requires "the detention of any alien who had been convicted of a controlled substance offense." *Id.* (citing § 1226(c)(1)(B) ("The Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(B)][.]" (alteration supplied in *Rodriguez Casas*))).

The Court agrees with Respondents that Petitioner is not entitled to a bond hearing because he is subject to mandatory detention due to his conviction for cocaine possession. (Resp. 5). Petitioner is therefore lawfully detained under §§ 1227(a)(2)(B) and 1226(c)(1)(B).

Lastly, Petitioner challenges his current detention as unreasonably prolonged and asserts that there is no significant likelihood of his removal soon. (*See* Pet. 6). To the extent that he raises a claim for prolonged detention, he explains only that he has spent "over 90 day[s] or 180 day[s] in custody [and] is not necessary and violates the [F]ifth and [Eighth] Amendment[s][.]" (*Id.*). However, he does not list any reason why the Court should find his detention unreasonable. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217–18 (11th Cir. 2016), *vacated*, 890 F.3d 952 (11th Cir. 2018). The Court therefore need not entertain this conclusory argument.

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **DENIED**.
2. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.
3. This case is **CLOSED**.
4. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 20 day of October 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*